UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EVERETT AYTCH,

        Plaintiff,                    Case No.: 3:13-cv-135

vs.

COMMISSIONER OF SOCAL SECURITY,      District Judge Walter H. Rice
                                                       Magistrate Judge Michael J. Newman

        Defendant.

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

This is a Social Security disability benefits appeal.  At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").  This case is before the Court upon Plaintiff's Statement of Specific Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 13), the administrative record (doc. 6),[2] and the record as a whole.

I.

**A. Procedural History**

Plaintiff filed for DIB and SSI on March 10, 2009 alleging a disability onset date of December 31, 2000.  PageID 225-38.  Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, gout and obesity.  PageID 52.

---

[1]Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.
    [2]Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

After initial denial of his applications, Plaintiff received a hearing before ALJ Robert Iafe. PageID 50-58. The ALJ issued a written decision on July 29, 2011 finding Plaintiff not disabled. *Id.* Specifically, the ALJ's findings were as follows:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2010;

2. The claimant has not engaged in substantial gainful activity since December 31, 2000, the alleged onset date (20 C.F.R. §§ 404.1571[3] *et seq.*, and 416.971 *et seq.*);

3. The claimant has the following severe impairments: Gout and obesity (20 C.F.R. §§ 404.1520(c) and 416.920(c));

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926);

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity ["RFC"] to perform sedentary work as defined in 20 CFR 404.1567(a)[4] and 416.967(a) except the claimant can sit for six hours in an eight hour workday and stand/walk for two hours in an eight hour workday. He can occasionally use foot controls. He should never kneel, crouch or crawl. He can occasionally climb stairs and ramps. He can occasionally balance and stoop. He should never climb ladders, ropes or scaffolds. He should avoid concentrated exposure to extreme cold, extreme heat, and high humidity. He should avoid all expos[ure] to extreme cold, extreme heat, and high humidity. He should avoid all expos[ure] to workplace hazards such as moving machinery and unprotected heights;

6. The claimant has past relevant work as a telemarketer, Dictionary of Occupational Titles (DOT) 299.357-014, with a specific vocational preparation (SVP) level of 3, at the sedentary level of exertion; a security

---

[3] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[4] The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. 20 C.F.R. § 404.1567. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id.* § 404.1567(a).

      clerk, DOT 209.562-010, SVP 3, light, but performed at the sedentary level; a customer service credit clerk, DOT 205.367-022, SVP 4, sedentary; an identification clerk, DOT 209.362-0-2, SVP 4, light; and a tax preparer, DOT 219.362-070, SVP 4, sedentary.  The work as a telemarketer, as a security clerk as the claimant performed it, and as a tax preparer do not require the performance of work-related activities precluded by the claimant's [RFC] (20 C.F.R. §§ 404.1565 and 416.965); [and]

7. The claimant has not been under a disability, as defined in the Social Security Act, from December 31, 2000, through the date of this decision (20 C.F.R. §§ 404.1520(g) and 416.920(g)).

PageID 50-58.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner.  PageID 123-25.  Plaintiff then filed this timely appeal.  *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

    **B.**    **Evidence of Record**

In his decision, the ALJ set forth a detailed recitation of the underlying medical evidence in this case.  PageID 50-58.  Plaintiff, in his Statement of Errors, also sets forth an extensive summary of the evidence of record.  Doc. 9 at PageID 1018-30.  The Commissioner's response to the Statement of Errors offers no objections to the statement of facts presented by Plaintiff.  Doc. 13.  Accordingly, except as otherwise noted in this Report and Recommendation, the undersigned incorporates the ALJ's recitation of the evidence as well as Plaintiff's undisputed summary of the evidentiary record.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. §§ 405(g), 1383(c)(3); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable"

and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp. 2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing that he or she is "disabled" under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

On appeal, Plaintiff argues that the ALJ erred by failing to: (A) properly weigh the opinion of treating physician, Antony Jacob, M.D., and; (B) properly analyze the opinion

evidence presented by Medical Expert ("ME") Maurice Alex, M.D.[5]  Doc. 9 at PageID 1030. "[T]he Commissioner's regulations establish a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013).  Treating physicians and psychologists top the hierarchy.  *Id*.  "Next in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Id*.  "[N]on-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*.  "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)).

"An ALJ is required to give controlling weight to 'a treating source's opinion on the issue(s) of the nature and severity of [the claimant's] impairment(s)' if the opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 385 (6th Cir. 2013) (citation omitted) (alterations in original).  This requirement is known as the "treating physician" rule.  *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citation omitted).  Greater deference is given to treating source opinions "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2); *see also Blakley*, 581

---

[5] Plaintiff also suggests that the ALJ erred by failing to find that he met Listing 3.03 for asthma. Doc. 9 at PageID 1031.  Plaintiff, however, fails to present any analysis of this issue in his Statement of Errors. The Court considers this argument waived. *See Curler v. Comm'r of Soc. Sec.*, 561 F. App'x 464, 475 (6th Cir. 2014) (concluding that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived") (citation omitted).

F.3d at 406.  Thus, an ALJ must give controlling weight to a treating source if the ALJ finds the treating physician's opinion well-supported by medically acceptable evidence and not inconsistent with other substantial evidence in the record.  *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Closely associated with the treating physician rule is the "good reasons rule," which "require[s] the ALJ to always give good reasons in [the] notice of determination or decision for the weight given to the claimant's treating source's opinion."  *Blakley*, 581 F.3d at 406-07.  "Those good reasons must be 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'"  *Id.*

Thus, when the ALJ declines to give controlling weight to a treating physician's assessment, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Id.* at 406; *see also* 20 C.F.R. § 404.1527(c).[6]  In addition, unless the opinion of the treating source is entitled to controlling weight, an ALJ must "evaluate all medical opinions according to [these] factors, regardless of their source[.]"  *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

---

[6] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps."  *Cadle v. Comm'r of Soc. Sec.*, No. 5:12 CV 3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013).  Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. 404.1527.  *Id.*

The Court acknowledges that an ALJ is not required to accept a physician's conclusion that his or her patient is "unemployable."  Whether a person is disabled within the meaning of the Social Security Act is an issue reserved to the Commissioner, and a treating physician's opinion -- that his or her patient is disabled -- is not "give[n] any special significance."  20 C.F.R. § 416.927; *see Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (stating that "[t]he determination of disability is ultimately the prerogative of the Commissioner, not the treating physician").  However, "[t]here remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference."  *Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir. 2009).

### A.     Treating Physician – Dr. Jacob

The Court agrees with Plaintiff that the ALJ erred by failing to specifically analyze whether Dr. Jacob's opinions are entitled to controlling weight, *i.e.*, whether such opinions are "supported by medically acceptable clinical and laboratory diagnostic techniques" and whether his opinions are consistent "with the other substantial evidence in [the] case record.'"  *LaRiccia*, 549 F. App'x at  385.  Nowhere does the ALJ mention the concept of "controlling weight" or set forth the specific analysis required in making a controlling weight determination.  PageID 57.  Instead, the ALJ simply restates Dr. Jacob's opinions and assigns those opinions "moderate weight" on the basis that any walking or stooping preclusion is excessive because Plaintiff "performs his own personal care and is able to get in and out of a car and get to and from his physicians."  *Id*.

"Putting aside for the moment whether the ALJ had a proper basis for his conclusion" the ALJ's perfunctory "analysis does not explain to which aspect of the controlling-weight test this critique is relevant."  *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376-77 (6th Cir. 2013).

This lack of meaningful explanation "for not giving Dr. [Jacob's] opinions controlling weight hinders a meaningful review of whether the ALJ properly applied the treating-physician rule that is at the heart of this regulation." *Id*. at 377 (referring to 20 C.F.R. § 404.1527(c)(2)) (citing *Wilson*, 378 F.3d at 544). Accordingly, the undersigned finds that the ALJ failed to follow the treating physician rule in assessing Dr. Jacob's opinions.

Even assuming, *arguendo*, that the ALJ adequately conducted the controlling-weight test --which the undersigned concludes he did not -- the undersigned further concludes that the ALJ failed to provide good reasons for the ultimate weight given. The mere fact that Plaintiff "perform[s] his own personal care" and can "get in and out of a car and get to and from his physicians," PageID 57, offers no support for the conclusion that Plaintiff can stoop and walk at work on a sustained basis. *Cf. Gayheart*, 710 F.3d at 377 (finding a lack of substantial evidence supporting the ALJ's "apparent implication" that plaintiff's daily "activities are inconsistent with . . . restrictions noted" by plaintiff's treating physician where the "ALJ does not contend, and the record does not suggest, that [plaintiff] could do any of these [daily] activities on *a sustained basis*" (emphasis in original)).

Based on all of the foregoing, the undersigned concludes that the ALJ failed to conduct a controlling weight analysis and failed to give good reasons for the weight ultimately accorded Dr. Jacob's opinions. Accordingly, the ALJ's conclusions in this regard are not supported by substantial evidence. As a result, the ALJ's non-disability finding should be reversed.

### B.    Medical Expert ("ME") – Dr. Alex

The Court also agrees with Plaintiff's contention that the ALJ failed to properly analyze, and give good reasons for, relying exclusively on the ME's opinion. Doc. 9 at PageID 1032. The ALJ merely restated the entirety of the ME's testimony and offered the conclusory

assessment that the ME's testimony was "supported by the medical evidence." PageID 53-58. Nowhere does the ALJ provide a specific analysis of any of the required factors set forth in 20 C.F.R. § 404.1527(e)(2)(ii) with regard to Dr. Alex's opinions. Simply stating that the ME's opinions are "supported by the medical evidence," without further explanation, does not satisfy the requirement that the ALJ provide meaningful explanation of the weight given medical opinion evidence. *See* 20 C.F.R. § 404.1527(c); *see also Chavez v. Astrue*, No. 12-cv-00627-LTB, 2012 WL 5250396, at *7 (D. Colo. Oct. 24, 2012) (finding the ALJ's explanation "lacking" where the ALJ merely "recapitulated" the reasons stated by the ME for disagreeing with the opinion of a treating physician and failed to "provide his reasons for according [the treating physician's] opinion the . . . weight he did").

Accordingly, having failed to provide a meaningful explanation of the weight given the ME's opinion, the ALJ's decision -- to accord significant adjudicative weight to Dr. Alex's opinion -- is not supported by substantial evidence and should be reversed. *See Blakley*, 581 F.3d at 409-10 (holding that "the Commissioner must follow his own procedural regulations in crediting medical opinions").

**IV.**

When the ALJ's non-disability determination is not supported by substantial evidence, the Court must determine whether to remand the matter for rehearing or to order the award of benefits. Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990). The Court may only award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely

involve the presentation of cumulative evidence, or where proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994); *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985).

In this case, evidence of disability is not overwhelming and issues remain as to whether Dr. Jacob's opinions are entitled to controlling weight. While Dr. Jacob opined in February 2009 that Plaintiff should be precluded from walking and bending at work, PageID 920-21, some of his later treatment notes are not overwhelmingly definitive on the issue of Plaintiff's ability to work. *See* PageID 699 (stating "I don't think he is ready to return to work now"); *see also* PageID 930 (stating that, "[a]s far as returning to work in the future, it cannot be guaranteed at this time, but if his condition improves or if [he] gets surgical intervention for his knee joints and if his function improves, he may be able to get into gainful employment in the future"). Accordingly, the undersigned concludes that remand for further proceedings is proper so that the ALJ can meaningfully explain the weight accorded all the medical evidence of record.

## V.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**;

2. This matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and

3. This case be **CLOSED**.

Date: August 19, 2014          *s/ Michael J. Newman*
                               Michael J. Newman
                               United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).